UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEN UMEZE, MD, <br><br>                    Plaintiff, <br><br> v. <br><br> ALFREDA JOHNSON, et al., <br><br>                    Defendants. | 25 Civ. 5610 (DEH) <br><br> <u>ORDER</u> |

DALE E. HO, United States District Judge:

Plaintiff Ben Umeze, MD ("Dr. Umeze" or "Umeze"), proceeding *pro se*, brings this action against Defendants Alfreda Johnson; Ralph Vartolo, Esq.; U.S. Bank National Association; Fay Servicing, LLC; Citibank, N.A.; CitiGroup, Inc.; Franklin K. Chiu, Esq.; and John/Jane Does 1-10, seeking injunctive and monetary relief based on alleged misconduct resulting in a judgment of foreclosure on his property at 1421-23 Glover Street in the Bronx (the "Property"). *See* Compl., ECF No. 1. Before the Court is Dr. Umeze's motion for a temporary restraining order and preliminary injunction staying all foreclosure proceedings in New York Supreme Court, Bronx County, and in any other state or administrative proceedings, and restraining Defendants from enforcing any foreclosure sale, eviction, or transfer of title with respect to the Property. *See* ECF No. 5. For the reasons that follow, Umeze's motion is **DENIED**.

## BACKGROUND

On July 8, 2025, Umeze filed a Complaint in this Court seeking declaratory, injunctive, and monetary relief in connection with an alleged "fraudulent foreclosure scheme designed to strip him of his home, livelihood, and medical practice." Compl. ¶ 1, ECF No. 1. The same day, he filed an "order to show cause with temporary restraining order" asking the Court to stay state court foreclosure proceedings. *See* ECF Nos. 5-7. Umeze's submissions did not provide any timeline as to the anticipated irreparable harm. *See generally* ECF Nos. 5-7.

This action was assigned to the undersigned on July 21, 2025. *See* July 21, 2025 Notice of Case Assignment. Defendants entered an appearance on August 7, 2025. *See* ECF No. 19. On August 15, 2025, Umeze filed a letter requesting a decision or hearing on his temporary restraining order before September 24, 2025. *See* ECF No. 22. The Court subsequently ordered Defendants to respond to Umeze's application. *See* ECF No. 23. Defendants filed their opposition on August 21, 2025, ECF No. 24, and Umeze filed his reply on August 25, 2025, ECF No. 29.

## DISCUSSION

To obtain preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer "irreparable harm" and (2) either (a) a likelihood of success on the merits of his case or (b) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly" in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted).

Umeze's submissions do not demonstrate (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Specifically, Umeze's memorandum of law in support of his motion fails to show any likelihood of success or serious questions going to the merits of his claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.SC. § 1692, or 42 U.S.C. § 1983, which form the basis for his invocation of this Court's federal question jurisdiction. *See* Compl. ¶¶ 24, 25, 28. Moreover, the relief Umeze seeks—federal court intervention in a state

court eviction proceeding—is likely barred by the *Younger* abstention doctrine.[1]  Umeze also appears to have brought substantially the same claims against the same parties or their privies in the state foreclosure proceeding, and the state court denied him relief.  *See* ECF Nos. 24-1, 24-2.  His claims are therefore likely barred by the doctrine of *res judicata*.[2]  Accordingly, Umeze's request for preliminary injunctive relief, ECF No. 5, is denied.

## CONCLUSION

Dr. Umeze's requests for an order to show cause and preliminary injunctive relief, ECF No. 5, are **DENIED**.

SO ORDERED.

Dated: September 12, 2025

New York, New York

DALE E. HO
United States District Judge

---

[1] The *Younger* abstention doctrine cautions federal courts against enjoining or otherwise interfering in ongoing state proceedings.  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S 69, 77-78 (2013) (defining *Younger*'s scope); *see generally Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,]" *Younger* abstention applies.  *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15 Civ. 4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015); *see Clark v. Bloomberg*, No. 10 Civ. 1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that *Younger* abstention doctrine precludes federal district courts from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in [federal] court").

[2] "The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).