UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEN UMEZE, MD,
Plaintiff,
v.
ALFREDA JOHNSON, et al.,
Defendants.

25 Civ. 5610 (DEH) (VF)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Ben Umeze, proceeding *pro se*, brings various claims stemming from the foreclosure of his residence at 1421-23 Glover Street in the Bronx. *See* Compl., ECF No. 1. On July 14, 2026, Magistrate Judge Valerie Figuerdo issued a Report and Recommendation (the "Report" or the "R. & R.") on Defendants' Motion to Dismiss ("Defs.' Mot. Dismiss"), ECF No. 35. *See* Report, ECF No. 42. The Report recommends that the motion be granted and that the Complaint be dismissed, and that dismissal be with prejudice with respect to all claims other than Plaintiff's claim for declaratory and injunctive relief. *See id.* The Report set a deadline of July 28, 2026 for objections. *See id.* at 28.

Mr. Umeze failed to timely file any objections, but ended up filing objections approximately three weeks late on August 20, 2026. *See* Pl.'s Objs. to the Report ("Pl.'s Objs."), ECF No. 45. Although Mr. Umeze did not provide a satisfactory explanation for filing his objections late (and without requesting an extension in a timely manner), the Court granted him an extension retroactively in light of his *pro se* status. *See* Order, ECF No. 47. Defendants timely responded on September 2, 2026. *See* Defs.' Resp. to Pl.'s Obj. ("Defs.' Resp."), ECF No. 48 .

For the reasons explained below, the Report is **ADOPTED IN PART.** The Motion to Dismiss is **GRANTED** as follows:

- The claims for fraud and misrepresentation (Count III), civil conspiracy (Count IV), deprivation of property without due process (Count V), and, to the extent that Plaintiff brings such a claim, any claim under the New York Real Property Actions & Proceedings Law ("RPAPL") are **DISMISSED WITH PREJUDICE**;

- The claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, et seq. (Count I), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Count II), and the claim for declaratory and injunctive relief are **DISMISSED WITHOUT PREJUDICE**, as explained in further detail below.

## LEGAL STANDARD

United States Magistrate Judges may "hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013).[1] A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" when reviewing a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Parties may file "written objections" to the magistrate judge's "proposed findings and recommendations." *Id.*; *see* Fed. R. Civ. P. 72(b)(2) (same). In reviewing objections, "the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made." *Vaccariello*, 295 F.R.D. at 67. The district judge has discretion when weighing the recommendations and proposed findings. *See U.S. v. Raddatz*, 447 U.S. 667, 683 (1980) (holding that the "delegation does not violate Art. III so long as the ultimate decision is made by the district court").

When there is no timely objection by either party, the district court may accept the report and recommendation if "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

Supp. 1186, 1189 (S.D.N.Y.1985). If a party "makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt will review the [r]eport strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 6 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

**DISCUSSION**

Familiarity with the facts and background of this case as set forth in the Report at 5-8 is presumed. The Report made the following recommendations with respect to Mr. Umeze's various claims:

- The RESPA claim should be dismissed with prejudice, because it is barred by the statute of limitations, *see* Report at 15;
- The FDCPA claim should be dismissed with prejudice, because it is barred by the statute of limitations, *see id.* at 18;
- The claim for fraud and misrepresentation should be dismissed with prejudice, because he failed to plead that he relied on the allegedly fraudulent misrepresentation, *see id.* at 24-25;
- The claim for civil conspiracy should also be dismissed because he failed to adequately plead an underlying fraud claim, *see id.* at 26-27;
- The claim for deprivation of property without due process under 42 U.S.C. § 1983 should be dismissed, among other things, Defendants are not state actors, *see id.* at 18-20;
- The claim for declaratory and injunctive relief should be dismissed without prejudice as barred by the *Younger* abstention doctrine, *see id.* at 22-23; and
- To the extent that Mr. Umeze brings claims under the New York Real Property Actions & Proceedings Law ("RPAPL") for failing to provide him with notice of the commencement of the foreclosure action, such a claim would be futile because, as the Court had previously determined, Mr. Umeze received the requisite notice, *see id.* at 23 n.10.

Mr. Umeze objects to: (1) the Report's application of *Younger* abstention doctrine to his claim for declaratory and injunctive relief; and (2) the Report's recommendation that dismissal of his other claims be with prejudice.

## I. Portions of the Report to which Plaintiff Does Not Object

Mr. Umeze does not object to the substance of the Report's recommendation that his various claims (other than his claim for declaratory and injunctive relief) be dismissed, arguing only that dismissal of those claims should be *without* prejudice. The Court addresses that issue below. But with respect to the Report's recommendation that these claims be dismissed, the Court has reviewed the relevant portions of the Report and has found no error in them, clear or otherwise. Those portions of the Report are therefore **ADOPTED**, and the Motion to Dismiss these claims is **GRANTED**.

## II. Dismissal with Prejudice

### A. Federal Claims under the RESPA and FDCPA

As noted above, the Report recommended that Mr. Umeze's RESPA and FDCPA claims be dismissed with prejudice because they are time-barred. District courts have frequently dismissed such claims with prejudice when they are untimely. *See, e.g.*, *Horsburgh v. Bank of Am., N.A.*, No. 21 Civ. 7945, 2023 WL 2648394, at *7 (S.D.N.Y. Mar. 27, 2023) (dismissing RESPA and FDCPA claims with prejudice where they were barred by applicable statute of limitations); *Quinn v. Crosby Cap. USA LLC*, No. 20 Civ. 358, 2021 WL 7906582, at *14 (E.D.N.Y. May 8, 2021) (same with respect to RESPA claim); *Joseph v. OneWest Bank FSB*, No. 15 Civ. 6156, 2017 WL 1318549, at *8 (E.D.N.Y. Jan. 18, 2017), *adopted by* 2017 WL 1316996 (E.D.N.Y. Feb. 10, 2017) (same with respect to FDCPA claim).

Mr. Umeze, however, argues that he should be given an opportunity to allege timely acts that could form the basis of his RESPA and FDCPA claims. *See* Pl.'s Objs. at 7. Defendants respond that he has not identified any such facts. *See* Defs.' Resp. at 5-6. That is true, but it does not necessarily follow that Mr. Umeze cannot do so, if given an opportunity. In light of the solicitude accorded *pro se* litigants, the Court will afford him such an opportunity, as discussed

below. The Court will therefore grant dismissal of these claims *without* prejudice, subject to approval of a motion for leave to amend, as described below.

**B. Other Claims**

As noted above, the Report also recommended that the fraud, civil conspiracy, and Section 1983 claims be dismissed with prejudice for failure to state a claim. It is not clear whether Mr. Umeze objects to the recommendation that these claims be dismissed with prejudice, but he argues that plaintiffs should generally be given at least one opportunity to amend, and that *pro se* litigants should be given particular solicitude in this regard. *See* Pl.'s Objs. at 6-7. Unlike with respect to his time-barred RESPA and FDCPA claims, however, Mr. Umeze does not even suggest how he might cure the defects that the Report identified with respect to these particular claims. And upon review of the Report and the parties' submissions in connection with the motion to dismiss, the Court concludes that leave to amend with respect to these claims would be futile, as follows:

- Leave to amend would be futile with respect to Plaintiff's claims for fraud and civil conspiracy. Plaintiff alleges that the state court, not that he, relied on certain allegedly false statements. *See* Report at 24-5. His allegations therefore cannot support a fraud claim, which requires that the "plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct . . . " *Stephenson v. PricewaterhouseCoopers, LLP*, 482 F. App'x 618, 622 (2d Cir. 2012), *as amended*, (June 13, 2012) (summary order) (citation and alterations omitted). Because leave to amend with respect to the fraud claim would be futile, dismissal with prejudice of the claim is appropriate. And because Plaintiff's civil conspiracy claim is predicated on his fraud claim, dismissal with prejudice of the civil conspiracy is also appropriate. *Cf. Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (dismissal with prejudice is appropriate where a plaintiff is "unable to allege any fact sufficient to support [his] claim").

- Leave to amend would be futile with respect to Plaintiff's Section 1983 claim. None of the Defendants are state actors, which are the only proper defendants for such a claim. *Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (summary order). Dismissal with prejudice is therefore warranted. *Cf. Cortec Indus.*, 949 F.2d at 48.

## III. *Younger* Abstention

Mr. Umeze objects to Report's recommendation that his request for declaratory and injunctive relief be denied on *Younger* abstention grounds, citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). Pl.'s Objs. at 2-4. As he acknowledges, however, *Sprint* recognized that *Younger* abstention applies to "civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions," and he further concedes that, in accordance with that guidance, "district courts within this Circuit have applied *Younger* abstention in some foreclosure cases." *Id.* at 3. In fact, "federal court intervention in an ongoing state foreclosure proceeding . . . [is] generally barred by *Younger v. Harris*." *Ammissah v. Wells Fargo*, No. 19 Civ. 4624, 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020). Mr. Umeze offers no reason why that general rule should not be applicable here to bar his request that this Court enjoin his foreclosure proceedings. The Court therefore adopts the Report's recommendation that this claim be denied on *Younger* abstention grounds.[2]

As the Report observed, dismissal on *Younger* abstention grounds is jurisdictional, and the Report therefore recommends that dismissal of this request for relief be without prejudice. *See* Report at 23 (citing *Manchanda v. Bose*, No. 14 Civ. 9658, 2015 WL 81998, at *2 (S.D.N.Y. Jan. 6, 2015)). Although Defendants appear to ask this Court to dismiss the Complaint with prejudice, they do not object to this portion of the Report, and indeed ask this Court to adopt the Report in its entirety. *See* Defs.' Resp. at 6. The Court has reviewed this portion of the Report, and finds no

[2] On September 11, 2026, approximately one week after his untimely objections to the Report were fully briefed, Mr. Umeze filed a request for leave to file a reply to raise further argument on this point. ECF No. 49. The briefing schedule for objections to the Report did not authorize such a reply, and Mr. Umeze's Objections already addressed the Supreme Court's decision *Sprint Communications*, *see* Pl.'s Obj. at 2-4; Mr. Umeze offers no reason why he could not have raised any additional points with respect to that case in his initial Objections. The request to file a reply is therefore **DENIED**.

error in it, clear or otherwise. Its recommendation that this claim be denied without prejudice to being raised in the proper state court proceedings is therefore adopted.

**CONCLUSION**

For the reasons stated above, Plaintiff's claims for fraud and misrepresentation (Count III), civil conspiracy (Count IV), deprivation of property without due process (Count V), and, to the extent that he brings such a claim, any claim under the New York RPAPL are **DISMISSED WITH PREJUDICE**. The RESPA and FDCPA claims (Counts I and II), and the claim for declaratory and injunctive relief, are **DISMISSED WITHOUT PREJUDICE**, as follows:

- The request for declaratory and injunctive relief is denied without prejudice to being raised in the proper forum (i.e., in the relevant state court proceedings);
- The RESPA and FDCPA claims may be the subject of a motion for leave to amend in this Court. If Plaintiff seeks leave of the Court to file an amended complaint with respect to the RESPA and/or FDCPA claims, he may submit a letter motion seeking leave to file an amended complaint within 28 days of this Order, attaching as exhibits: (1) a proposed amended complaint; and (2) a redline comparing the proposed amended complaint to the original complaint in this case. The letter motion shall state how, in Plaintiff's view, the proposed amended complaint addresses the timeliness of Plaintiff's RESPA and/or FDCPA claims. **Plaintiff may not seek leave to amend with respect to any other claims**.

If any such letter motion is filed, Defendants shall have 21 days to file a letter in opposition. If no such letter motion is timely filed, the Court will direct the Clerk of Court to close this case.

The Clerk of Court is respectfully directed to close ECF No. 35.

The Clerk of Court is further respectfully directed to mail a copy of this Order to Plaintiff, and to note proof of service on the docket.

SO ORDERED.

Dated: September 22, 2026

New York, New York

DALE E. HO
United States District Judge